IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRITTANI STONE d/b/a
KMA DANCE CLUB                                              PLAINTIFF

v.                      CASE NO. 6:05CV6025

THE CITY OF HOT SPRINGS,
ARKANSAS                                                    DEFENDANT

MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Motion to Dismiss (Docs. 14-15) and Plaintiff's response (Docs. 21-22). Defendant contends Plaintiff's Amended Complaint (Doc. 8) should be dismissed as she has failed to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff brings this suit pursuant to the Equal Protection Clause of the United States Constitution, Title VII of the Civil Rights Act of 1964, and Title 42, Sections 1981, 1982, 1983, 1985, 1986 and 1987 of the United States Code. Based on the reasons that follow, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.

**Background**

Plaintiff is a Caucasian female and owner of KMA Dance Club in Hot Springs, Arkansas. Plaintiff is engaged to Lawrence Holt, an African-American male who assists Plaintiff in her business. Plaintiff claims that Defendant, through its elected and appointed officials, has harassed, ridiculed, and demeaned her and has unfairly applied city ordinances to KMA Dance Club in an attempt to force Plaintiff out of business. Plaintiff

further claims that Defendant's actions were directed at her and KMA Dance Club because of racial animus due to her engagement to an African-American.

**Discussion**

In ruling on a motion to dismiss, a district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588 (8th Cir. 2004)(citations omitted). Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

### A. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed.2d 313 (1985)(quotations and citation omitted). The equal protection clause protects fundamental rights and prohibits unequal application of the law based upon suspect classification. It also protects citizens from arbitrary or irrational state action. *See Batra v. Board of Regents of the Univ. of Neb.*, 79 F.3d 717 (8th Cir. 1996). In order to successfully plead an equal protection claim, a plaintiff must, at a minimum, allege

that she was treated differently than similarly situated persons at the hands of a government official and that the treatment was tainted by a purposeful intent to discriminate for an invalid reason. *Id*. at 721-722.

Plaintiff alleges that "[o]ther businesses owned by white citizens not engaged to (and in business with) African-Americans have been accused by the City of Hot Springs of being in violation of the same ordinances plaintiff is accused of violating, but those businesses have received preferential treatment and have been allowed to continue business operations." Doc. 8, ¶ 13. This statement alone is insufficient to state an equal protection claim. The Plaintiff does not allege that the "other businesses" were conducting the same business as Plaintiff, were subject to the same restrictions, laws, ordinances, etc., as Plaintiff that would render them "similarly situated" to Plaintiff. *See Hosna v. Groose*, 80 F.3d 298 (8th Cir. 1996)(for purposes of an equal protection analysis, the plaintiff must be "similarly situated to another group for purposes of the challenged government action); *Bills v. Dahm*, 32 F.3d 333 (8th Cir. 1994)(the two groups must be similarly situated "in all relevant aspects"). Additionally, Plaintiff's Amended Complaint does not reflect the ordinances she or "other businesses" were charged with violating or what kind of action Defendant took as a result of the alleged violations. Instead, Plaintiff only makes conclusory allegations that "other businesses" were accused of violating

AO72A
(Rev. 8/82)

the same ordinances but received preferential treatment.

Further, the Amended Complaint contains no allegations from which a purposeful intent to discriminate could be derived aside from Plaintiff's conclusory allegation that Defendant's actions were taken because of her fiancee's race. Construing all of the alleged facts in her favor, Plaintiff fails to state a claim for a constitutional injustice under the Equal Protection Clause. Accordingly, Plaintiff's Equal Protection claim is DISMISSED WITHOUT PREJUDICE.

### B. Title VII

Defendant contends Plaintiff fails to state a claim under Title VII as Defendant is not Plaintiff's employer. Title VII makes it unlawful for an employer " to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e. Title VII provides for claims only against an individual's "employer". *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103 (8th Cir. 1998). While Plaintiff acknowledges that Title VII only applies to employer/employee relationships, Plaintiff contends that the relationship between herself and her fiancee can be construed as employer/employee as her fiancee assists her with her business and that Defendant is her "de facto" employer. Plaintiff's arguments are without merit. Even if Plaintiff could be deemed her fiancee's employer, it is irrelevant to her Title VII claim against Defendant. Further, KMA Dance Club is owned by Plaintiff and there is no basis

for contending that Defendant is Plaintiff's employer or "de facto" employer. Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's Title VII claim, and the claim is DISMISSED WITH PREJUDICE.

### C. 42 U.S.C. § 1981

Section 1981 of the Civil Rights Act of 1866 provides "all persons within the jurisdiction of the United States" the same right "to make and enforce contracts... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 governs only contractual relationships. Here, the plaintiff has not alleged the existence of an express, formal employment contract or any other contract between herself and Defendant. Accordingly, there is no underlying contract upon which Plaintiff's claim could be based.

In order to survive a motion to dismiss on a Section 1981 claim, " a plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of discriminatory intent." Plaintiff has not specifically alleged events indicating purposeful discrimination or circumstances giving rise to a plausible inference of discriminatory intent. At most, Plaintiff's complaint contains conclusory allegations that Defendant took actions against her because her fiancee is African-American. Additionally, a federal action to enforce rights under Section 1981 against a state actor may only be brought pursuant to Section 1983. *See Artis v. Francis Howell North Band Booster Assoc., Inc.*, 161 F.3d 1178 (8th Cir. 1998). Accordingly, Plaintiff's Section 1981 claim is DISMISSED WITH

PREJUDICE.

### D. 42 U.S.C. § 1982

42 U.S.C. § 1982 states that [a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. To state a claim under § 1982, Plaintiff must specify instances where she was singled out for unlawful oppression in contrast to those similarly situated. *See Albert v. Carovano*, 851 F.2d 561 (2d Cir. 1988). Plaintiff's Amended Complaint is deficient as it neither shows that other "similarly situated" businesses were treated differently, nor does it allege events indicating purposeful discrimination or circumstances giving rise to a plausible inference of discriminatory intent. Accordingly, Plaintiff's § 1982 claim is DISMISSED WITHOUT PREJUDICE.

### E. 42 U.S.C. § 1983

In order to impose liability against a municipality pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the violation of his constitutional rights was part of a governmental custom, policy, ordinance, regulation or decision. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff only makes conclusory allegations that elected and appointed officials of Defendant "systematically applied its laws and ordinances in an abusive and unequal manner to the conduct of Plaintiff's business..." Doc. 8, ¶11. Plaintiff's failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of...resulted from an unconstitutional policy or custom" renders the complaint deficient. *Crumpley-Patterson*, 388

AO72A
(Rev. 8/82)

F.3d at 591 *citing Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605 (8th Cir. 2003). At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom. *Id*. *See also, Amnesty America v. Town of West Hartford*, 361 F.3d 113 (2d Cir. 2004)(Where a plaintiff simply alleges "constitutional torts committed by city employees without official sanction," a claim for municipal liability must fail.) Defendant's Motion to Dismiss is GRANTED and Plaintiff's 42 U.S.C. § 1983 claim is DISMISSED WITHOUT PREJUDICE.

### F. 42 U.S.C. § 1985

Defendant moves to dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1985 which alleges a conspiracy to violate Plaintiff's constitutional rights as Plaintiff has made only conclusory allegations that a conspiracy existed and cannot show a "meeting of the minds" as required. Mere allegations of conspiracy without stating sufficient facts about a mutual understanding or meeting of the mind do not state a claim under Section 1985. *Cabal v. U.S. Dep't of Justice*, 1992 WL 336447 (8th Cir. Nov. 18, 1992)(citing *Snelling v. Westhoff*, 972 F.2d 199 (8th Cir. 1992)(conspiracy claim requires allegation of specific facts showing meeting of minds), cert denied, 510 U.S. 831 (1993); *Haley v. Dormire*, 845 F.2d 1488 (8th Cir. 1988)(although plaintiff need not allege direct facts regarding a conspiracy, must at least provide some facts regarding meeting of minds). Even under the liberal pleading standards, Plaintiff has alleged nothing in her Amended Complaint that could be construed as alleging a meeting of the minds.

Plaintiff's Amended Complaint contains only two paragraphs

alleging conspiracy. Paragraph 15 states: "Defendant City of Hot Springs, Arkansas and others conspired to deprive Plaintiff of her right to conduct a lawful business in violation of her rights under the laws of the United States and the State of Arkansas as well as the First Amendment to the United States Constitution." Paragraph 17 states: "Defendant, at all times herein, conspired with others to deny plaintiff due process and to interfere with her property rights." A plaintiff must allege facts, not conclusory allegations, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim pursuant to 42 U.S.C. § 1985. Further, the law presumes that municipalities are incapable of entering into conspiracies. *See Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998). Hence, municipalities cannot be liable in actions brought pursuant to Section 1985. Accordingly, Plaintiff's § 1985 claim is DISMISSED WITH PREJUDICE.

### G. 42 U.S.C. § 1986

A valid Section 1985 conspiracy claim is a necessary prerequisite to a finding of liability under 42 U.S.C. § 1986, which governs actions for neglect to prevent wrongs covered by § 1985. Accordingly, Plaintiff's § 1986 claim is DISMISSED WITH PREJUDICE.

### H. State Law Claims

Having granted the motion to dismiss Plaintiff's federal law claims, we decline to retain jurisdiction on the state law claims. 28 U.S.C. § 1367(c)(3).

### Conclusion

Based on the foregoing, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss is GRANTED.

Plaintiff's claims pursuant to the Equal Protection Clause, 42 U.S.C. § 1982 and 42 U.S.C. §1983 are DISMISSED WITHOUT PREJUDICE, and Plaintiff's claims pursuant to Title VII, 42 U.S.C. §1981, 1985, and 1986 are DISMISSED WITH PREJUDICE.  All parties are to bear their own fees and costs.

    IT IS SO ORDERED this 12th day of May, 2006.

                                    /s/Robert T. Dawson
                                    Robert T. Dawson
                                    United States District Judge

AO72A
(Rev. 8/82)